UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| FIDEL VALENZUELA-OJEDA, )<br>Institutional ID No. 43179-177, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KERRY DIXON, )<br>Warden, *et al.*, )<br>)<br>Defendants. ) | CIVIL ACTION NO.<br>5:13-CV-211-BG<br>ECF |

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff Fidel Valenzuela-Ojeda is a federal inmate incarcerated at Giles W. Dalby Correctional Facility (Dalby Facility), a private institution that incarcerates federal inmates pursuant to a contract with the Federal Bureau of Prisons. Plaintiff filed this civil rights action *in forma pauperis* complaining of the medical care he receives for his back at the prison.

The district court thereafter transferred the case to the undersigned magistrate judge for preliminary screening. Under the preliminary screening standard, a court is statutorily required to screen a complaint brought *in forma pauperis* and dismiss the complaint if it is determined that it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) (2014). An action is frivolous if it lacks an arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831–32, 104 L. Ed. 2d 338 (1989).

The undersigned required Plaintiff to provide responses to a Questionnaire, and he complied. *See Brewster v. Dretke*, 587 F.3d 764, 767–78 (5th Cir. 2009); *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (acknowledging the use of a questionnaire to aid review of a *pro se* litigant's complaint at the preliminary screening stage). Responses to a questionnaire become part of the

plaintiff's pleadings, *Berry*, 192 F.3d at 507, and the undersigned considered Plaintiff's responses in conjunction with his Complaint. The undersigned also considered authenticated medical records from Dalby Facility. Based on Plaintiff's allegations, the authenticated medical records, and the applicable law, including the preliminary screening standard under 28 U.S.C. § 1915, the undersigned recommends that the district court dismiss this action with prejudice.

**I.     Plaintiff's Allegations**

Plaintiff claims in his Complaint and responses to the Questionnaire that he injured his back in August 2012 while using a weightlifting machine at Dalby Facility and that he has experienced severe back pain since the injury. Resp. 2–3. He acknowledges that his treating physician examines him in the prison clinic every one to two months for his back pain and prescribes pain medication, he has undergone an x-ray that showed mild changes and mild curvature in his lower spine, and he is assigned to a lower bunk with an extra mattress. Resp. 3. Plaintiff therefore acknowledges that he receives medical care for his back pain. He complains, however, that medical staff refuse to refer him to a chiropractic clinic so that a chiropractor can determine whether back surgery is necessary. Compl. 5. He also alleges that he complained in June 2014 that his medications were not helping his pain, a nurse practitioner changed his prescription in response to his complaint, and the new prescriptions were not available at the pill window when he asked for them several times after they were prescribed.

Plaintiff seeks monetary and injunctive relief and names as Defendants Kerry Dixon, Dalby Facility Warden; NFN Quintana, an individual Plaintiff identifies as the supervisor of medical personnel at Dalby Facility; and NFN Mendfor, the nurse practitioner who provides his medical care.

**II.     Discussion**

The court construes Plaintiff's Complaint as one brought pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389–98, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). In *Bivens* the United States Supreme Court first recognized a cause of action for money damages against federal officials alleged to have committed constitutional violations. 403 U.S. at 389. The purpose of a *Bivens* cause of action is to deter, by threat of suit, federal officers from engaging in unconstitutional acts. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001). But the United States Supreme Court has been reluctant to extend a *Bivens* damages remedy beyond that allowed against federal officers. *See id.* at 72–74 (declining to extend *Bivens* to allow an implied damages remedy against private entities acting under color of federal law).

As is relevant to this case, the Court has refused to find a *Bivens* damages remedy against employees of a privately-operated federal prison for a prisoner's claim of deliberate indifference to serious medical needs. *Minneci v. Pollard*, - - -U.S.- - -, 132 S. Ct. 617, 623–26, 181 L. Ed. 2d 606 (2012). In *Minneci*, the Court held that when a federal prisoner seeks damages from an individual employed at a privately operated federal prison for alleged conduct that amounts to an Eighth Amendment violation and the conduct is of the sort that typically falls within the scope of traditional state tort law, the prisoner must seek a remedy under state law. *Id.* at 626. As the plaintiff in *Minneci*, Plaintiff alleges that employees of a privately-operated federal prison denied him adequate medical care and, as in *Minneci*, state tort law provides an adequate alternative remedy for Plaintiff's damages claim. *See id.* at 625 (acknowledging that Texas tort law imposes general tort duties upon prison employees); *see also Estelle v. Gamble*, 429 U.S. 97, 107, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (acknowledging remedies available to state prisoners under the Texas Tort Claims Act).

Because Texas tort law provides an adequate alternative remedy, a damages remedy is not available to Plaintiff under *Bivens*. Accordingly, the claim for damages he asserts in his Complaint is legally frivolous.

On the other hand, a federal prisoner may sue to enjoin prison officials from violating his constitutional rights. *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). Injunctive relief, when warranted, is entered as a "means for preventing entities from acting unconstitutionally." *Malesko*, 534 U.S. at 74. Accordingly, injunctive relief may be appropriate if it is determined that prison officials are acting unconstitutionally. *Id*.

Because Plaintiff alleges inadequate medical treatment, the question is whether the Defendants are acting in violation of the Eighth Amendment. A prison official violates the Eighth Amendment when he acts with deliberate indifference to an inmate's serious needs, "constituting an unnecessary and wanton infliction of pain." *Rogers v. Boatright*, 709 F.3d 403, 409 (5th Cir. 2013) (citation and internal quotation omitted). "Deliberate indifference," for purposes of Eighth Amendment analysis to prisoner medical claims, means that the prison official disregarded the prisoner's serious medical needs. *Sama v. Hannigan*, 669 F.3d 585, 590 (5th Cir. 2012) (citations omitted).

A prisoner who brings a claim of deliberate indifference carries the substantial burden of showing that the action he complains of constitutes cruel and unusual punishment, and this standard is an "extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Deliberate indifference may be found only if it is shown that medical staff "'refused to treat [the inmate], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Id*. (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Based on the authenticated medical records and Plaintiff's allegations, there is no showing of deliberate indifference to serious medical needs in this case. The authenticated records from Dalby Facility show that Plaintiff was transferred to the prison in February 2012. After complaining of pain in his back, he underwent x-rays that showed mild curvature of the spine as well as mild degenerative changes. At that time, Plaintiff was reassigned to a bottom bunk with an extra mattress, and the records show that he still enjoys these privileges. According to the authenticated examination records, Plaintiff undergoes physical examination when he is at the clinic, and those examinations show that he exhibits good range of motion, normal reflexes, no muscle atrophy, normal ambulation with steady gait, and is able to sit and stand without difficulty.

Plaintiff acknowledges that his treating physician and others monitor his condition and prescribe medications to address his pain, and the authenticated records show that medical staff have prescribed pain medications since Plaintiff first complained of back pain. Medical staff also adjust his prescriptions as needed. For example, Plaintiff described his back pain as a three on a ten-point scale in May 2013, and he was asked at that time whether naproxen or mobic worked better for his pain. Plaintiff preferred mobic, and medical staff wrote a six-month prescription for mobic.

The authenticated records show that Plaintiff told Defendant Mendfor during a clinic examination on June 14, 2013, that mobic was not alleviating his pain. The authenticated records show that Mendfor discontinued the prescription for mobic and wrote a one-month prescription for neurontin. Although Plaintiff claims the prescription was not initially available to him at the pill window, the nurse responsible for dispensing medication indicated on the examination record of June 14, 2013, that the new prescription was noted, and medication charting records show that Plaintiff was given the medication on the day it was prescribed—on June 14, 2013—and every day

5

of that month. Authenticated medical records may rebut an inmate's allegations of deliberate indifference to serious medical needs. *See Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

In sum, rather than show deliberate indifference, the authenticated medical records show that Plaintiff was provided diagnostic testing; ongoing monitoring; and provisions, including medication and an extra mattress to help alleviate his pain. What he was not provided is a referral to a chiropractic clinic. A decision to not refer a prisoner to an outside specialist, however, is not the sort of conduct that violates the Eighth Amendment to the United States Constitution. To the contrary, a prisoner's complaint about such a decision is an example of disagreement with medical judgment about appropriate diagnostic measures, and it is well established that such disagreement does not violate the Eighth Amendment. *See Estelle*, 429 U.S. at 107 (whether to order additional diagnostic measures is an example of medical judgment rather than cruel and unusual punishment); *Norton v. Dimanzana*, 122 F.3d 286, 292 (5th Cir. 1997) (holding that allegations that medical personnel should have attempted different diagnostic measures does not state an Eighth Amendment claim).

Although the court may sympathize with Plaintiff for the pain he feels, the authenticated medical records and Plaintiff's responses to the Questionnaire show that he is receiving ongoing and responsive medical treatment. The Constitution does not guarantee that inmates be provided medical care of their preference. The Constitution requires that inmates be provided "adequate medical care." *Rogers*, 709 F.3d at 409 (citation and internal quotations omitted). Prison staff at Dalby Facility have provided Plaintiff with adequate medical care. There is no showing that prison officials refused to treat Plaintiff, ignored his complaints, or intentionally treated him incorrectly. Plaintiff's deliberate indifference claim is therefore without merit and should be dismissed. *Domino*,

239 F.3d at 756.

Finally, in addition and in the alternative, Plaintiff has failed to state viable claims against the individual Defendants. In regard to Defendant Mendfor, Plaintiff's allegations center in large part on his claim that "she is negligent" in regard to incorrect diagnoses and ineffective treatment. Compl. 6. He also alleges "a breach of the standard of care" and a breach of duty to act with ordinary diligence. *Id*. Such allegations do not state a constitutional claim, although they may form the basis of a state tort claim of negligence. Therefore, to the extent Plaintiff believes that Defendant Mendfor may have committed negligence in the form of medical malpractice, state court rather than federal court is the proper forum for such a claim. *Estelle*, 429 U.S. at 107.

In regard to Warden Dixon, Plaintiff alleges that he is "legally responsible for the operation of the Giles W. Dalby Correctional Facility and for the welfare of all the inmate[s] . . . [and] the health service department . . ." Compl. 3. He also alleges that the warden failed to properly supervise and train the medical staff who allegedly violated his constitutional rights. Compl. 7. Plaintiff likewise seeks imposition of liability on Defendant Quintana claiming that she is "in charge" of all medical personnel and failed to properly supervise and train her subordinates.

As an initial point, "there is no doctrine of *respondeat superior* in *Bivens* actions." *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983) (quoting *Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976)). Plaintiff has not alleged that either Defendant Dixon or Defendant Quintana were personally involved in any of the decisions related to his medical care. However, in a case in which there is no personal involvement on the part of a defendant, the plaintiff may nonetheless state a claim against a supervisor if he alleges a causal connection between a failure

to supervise and train and a violation of his rights, *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008) (internal quotation omitted), or that the supervisory official "implement[ed] a policy so deficient that the policy itself acts as a deprivation of constitutional rights." *Cronn*, 150 F.3d 544. However, under either scenario—a failure to train and supervise or implementation of a deficient policy—the plaintiff must show a violation of his rights. As discussed above, Plaintiff has not shown a constitutional violation and therefore there can be no causal connection between Defendants Dixon's and Quintana's actions and a constitutional violation. Accordingly, Plaintiff has failed to state a claim against Defendants Dixon and Quintana.

### III.     Recommendation

Based on the discussion in this Report and Recommendation, the undersigned recommends that the district court dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i),(ii). The undersigned further recommends that any pending motions be denied as moot and that this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996) (setting forth the standard for assessing strikes under the Prison Litigation Reform Act).

### IV.     Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2014); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found.

An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:   October 28, 2014.

NANCY M. KOENIG
United States Magistrate Judge